UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO GONZALEZ,

Plaintiff,

v.

SYAR INDUSTRIES, LLC, et al.,

Defendants.

No. 2:25-cv-03765-DC-CSK

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

(Doc. Nos. 4, 5, 10)

This matter is before the court on Plaintiff's motion to remand this case to the Solano County Superior Court. (Doc. No. 5.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 7.) For the reasons explained below, the court will grant Plaintiff's motion to remand and deny Defendants' motion to dismiss as moot.

**BACKGROUND**

On October 29, 2025, Plaintiff Alberto Gonzalez filed this action against his former employers, Defendants SYAR Industries, LLC ("SYAR") and Vulcan Materials Company ("Vulcan"), and his former supervisor, Defendant Kevin Nastek. (Doc. No. 1 at 20–21.) In his complaint, Plaintiff alleges the following.

Plaintiff began working as a mechanic for Defendants SYAR and Vulcan on or around November 11, 2013. (*Id.* at 25.) In 2022, Defendant Nastek became Plaintiff's supervisor at his

job site. (*Id.*) In or around November 2023, Plaintiff required disability leave after he was diagnosed with lymphoma cancer, and in July 2024, he returned to work following successful treatment of his cancer. (*Id.*) Shortly after returning to work, on September 30, 2024, Plaintiff was involved in a workplace accident during which he sustained injuries to his ankle, leg, and abdomen. (*Id.*) Plaintiff informed Defendants of his injuries and required medical leave to recover. (*Id.*) Plaintiff remained on medical leave from October 2024 until May 7, 2025, when his physician cleared him to return to work. (*Id.* at 26.) On May 14, 2025, Plaintiff attempted to return to work and was informed that Defendants were terminating his employment on the grounds that Plaintiff had violated unspecified workplace safety protocols at the time of his accident. (*Id.*) Plaintiff alleges that no safety protocols were in place for the task he was performing at the time of his injury and alleges that he was wrongfully terminated in retaliation for sustaining a workplace injury and filing a worker's compensation claim. (*Id.*)

Plaintiff in his complaint brings the following California state law claims against Defendants SYAR and Vulcan: (1) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination and retaliation in violation of FEHA; and (6) wrongful termination in violation of public policy. (*Id.* at 30–31.) Plaintiff also brings one claim against all Defendants for intentional infliction of emotional distress ("IIED"). (*Id.* at 31–32.)

Plaintiff filed his complaint in Solano County Superior Court on October 29, 2025. (*Id.* at 20–32.) On December 30, 2025, Defendants filed a notice of removal asserting that Defendant Nastek, who is a California citizen, is a fraudulently joined "sham defendant," and thus diversity

/////

/////

/////

/////

/////

/////

jurisdiction exists pursuant to 20 U.S.C. §§ 1332, 1441, and 1446. (Doc. No. 1 at 4–6.)[1] On January 6, 2026, Defendants filed the pending motion to dismiss Plaintiff's second, third, and seventh claims. (Doc. No. 4.) Plaintiff filed his opposition to that motion on January 20, 2026. (Doc. No. 7.) All Defendants filed a reply thereto on January 30, 2026. (Doc. No. 9.)

Further, on January 16, 2026, Plaintiff filed the pending motion to remand this case back to the Solano County Superior Court. (Doc. No. 5.) In his motion, Plaintiff contends that Defendant Nastek is not a "sham defendant," and that Defendants have not shown it would be impossible for Plaintiff to state any cause of action against Defendant Nastek. (*Id.*) Thus, Plaintiff avers this case should be remanded because Defendant Nastek's California citizenship defeats diversity. (*Id.*) Defendants filed an opposition to the pending motion to remand on January 30, 2026, and Plaintiff filed his reply thereto on February 9, 2026. (Doc. Nos. 8, 11.)

## LEGAL STANDARD

### A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051,

---

[1] On January 30, 2026, all Defendants filed a request for judicial notice of Form 10-K documents from the United States Securities and Exchange Commission, purporting to show the places of incorporation, organization, and principal places of business of Defendants Vulcan and SYAR. (Doc. No. 10 at 5, 9.) Because the court has determined that remand is proper based on Plaintiff and Defendant Nastek both being California citizens, the court need not determine the citizenship of Defendants Vulcan and SYAR. Thus, the court need not judicially notice these documents for the purpose of determining the citizenship of Defendants Vulcan and SYAR. *See Stoff v. Wells Fargo Bank, N.A.*, No. 3:21-cv-00793-BEN-KSC, 2021 WL 5449036 (S.D. Cal. Nov. 22, 2021) (denying defendant's request for judicial notice of SEC filings in granting motion to remand as the filings were unnecessary to reach the decision to remand). Thus, Defendants' request for judicial notice (Doc. No. 10) will be denied without prejudice.

1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**B. Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare,* 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to show fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citations omitted). If there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," the court must find that a defendant was properly joined and remand the case to state court. *Grancare*, 889 F.3d at 549 (citing *Hunter*, 582 F.3d at 1046).

The party opposing remand bears a "heavy burden" of proving fraudulent joinder, and there is a presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder

must be proven by clear and convincing evidence," and courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *2 (E.D. Cal. Dec. 8, 2020) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

## ANALYSIS

### A. Plaintiff's Motion to Remand[2]

To state a claim for IIED under California law, a plaintiff must allege (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citations and quotations omitted).

In his motion to remand, Plaintiff argues that his sole claim against Defendant Nastek for IIED is colorable, and thus Defendant Nastek is not fraudulently joined in this case. (Doc. No. 5.) Consequently, Plaintiff argues, complete diversity of citizenship is lacking due to both him and Defendant Nastek being California citizens. (*Id.* at 12.)

Conversely, Defendants SYAR and Vulcan argue that Defendant Nastek is fraudulently joined because: (1) Plaintiff's IIED claim is barred by California's Workers' Compensation Act ("WCA"); (2) IIED claims cannot be maintained against an employee for personnel decisions under California law; (3) Plaintiff did not and cannot allege extreme and outrageous conduct, including because Defendant Nastek was not Plaintiff's "supervisor." (Doc. No. 8.)

#### 1. <u>Workers' Compensation Act Preemption</u>

The WCA is the exclusive remedy for claims of IIED when the claims arise out of action taken within the context of the employment relationship. *Carlos v. Old Dominion Freight Line,*

---

[2] The court begins its analysis with Plaintiff's motion to remand because that motion challenges this court's jurisdiction and must be resolved first.

*Inc.*, 726 F. App'x 576, 579 (9th Cir. 2018)[3]; *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 151 (1987); Cal. Lab. Code § 3600, *et seq.* WCA preemption applies even where an employer's acts are "calculated to cause severe emotional disturbance" within the employment relationship. *Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1099 (1992), *overruled on other grounds by Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66 (1998).

However, there exists a "longstanding view that unlawful discrimination and retaliation in violation of FEHA falls outside the compensation bargain" and that "claims of such intentional infliction of emotional distress based on such discrimination and retaliation" are not covered by WCA exclusivity. *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017). Further, if a plaintiff claims that the conduct of the employer is "outside the normal risks of the employment relation, claims for emotional distress are not preempted by the WCA." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013). Not all conduct that occurs during employment constitutes "the normal part of the employment relationship." *Id.* Indeed, a claim of IIED will not be barred by the WCA where "a plaintiff can allege that he suffered emotional distress because of a pattern of continuing violations that were discriminatory." *Murray v. Oceanside Unified Sch. Dist.*, 79 Cal. App. 4th 1338, 1363 (2000). District courts in the Ninth Circuit have also concluded that plaintiff employees may pursue an IIED claim where a defendant's conduct met the elements of an IIED claim and violated FEHA. *Villegas v. CSW Contractors, Inc.*, No. 1:17-cv-01201-DAD-JLT, 2017 WL 6311668, at *4 (E.D. Cal. Dec. 11, 2017); *Negherbon v. Wells Fargo Bank*, No. 15-cv-02368-JCS, 2015 WL 6163570, at *10 (N.D. Cal. Oct. 21, 2015); *Elowson v. Jea Senior Living*, No. 2:14-cv-02559-JAM-KJN, 2015 WL 2455695, at *1, *4–5 (E.D. Cal. May 22, 2015).

Determining whether an IIED claim arises from behavior that is part of the employment relationship or "so far out of the normal risks of the employment" that it is not covered by WCA preemption is a "heavily fact intensive" inquiry. *See Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1181 (N.D. Cal. 2003). No bright line test exists to determine what behavior by an

---

[3] Citation to the unpublished Ninth Circuit opinions such as those cited here and elsewhere in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

employer is covered by the WCA, and any "ambiguities in the controlling state law" must be resolved in favor of the non-removing party when analyzing fraudulent joinder. *Onelum*, 948 F. Supp. 2d at 1055.

Here, Defendants argue Defendant Nastek is fraudulently joined because Plaintiff's IIED claim against him is barred by the WCA. (Doc. No. 8 at 18.) Plaintiff, however, contends that IIED claims based on discrimination and retaliation are not subject to exclusivity under the WCA. (Doc. No. 5 at 18–19.) Plaintiff alleges Defendant Nastek's conduct in harassing, retaliating, and discriminating against Plaintiff during his employment rises to the extreme or outrageous conduct required to establish IIED. (Doc. No. 1 at 31–32.) Plaintiff further alleges he has suffered "severe emotional distress" including "humiliation, severe emotional distress, loss of reputation, and mental and physical pain and anguish" as a result of that retaliatory and discriminatory conduct. (*Id.*) Even though the allegations in Plaintiff's complaint do not describe Defendant Nastek's specific conduct giving rise to the IIED claim, and Plaintiff does not directly tie his IIED claim to alleged retaliation or discrimination in violation of FEHA, Defendants have failed to establish that Plaintiff would be unable to cure those pleading deficiencies such that granting Plaintiff leave to amend his complaint would be futile. *See Padilla*, 697 F. Supp. 2d at 1159; *Golda v. Residence Inn by Marriott, LLC*, No. 18-cv-8573-DMG-AFM, 2019 WL 102375, at *4 (C.D. Cal. Jan. 4, 2019) (remanding case to state court where Plaintiff could possibly plead a cause of action for IIED in a subsequent amended complaint, even where plaintiff failed in his original complaint to tie his IIED claim to retaliation in violation of FEHA); *see Villegas*, 2017 WL 6311668, at *5 (granting motion to remand where defendants failed to show that there was "no possibility plaintiff could prevail on her IIED claim" against her supervisor).

Thus, the court is not persuaded by Defendants' argument that Defendant Nastek is fraudulently joined because Plaintiff's IIED claim is barred by the WCA.

2. <u>IIED Claims based on Personnel Management</u>

Next, Defendants argue that Defendant Nastek's conduct giving rise to Plaintiff's IIED claim constitutes, at best, personnel management. (Doc. No. 8 at 14.) Defendants argue that allegations of personnel management activity are insufficient to support an IIED claim because

such actions are not extreme or outrageous. (*Id.*) (citing *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64–65 (1996)). In *Janken*, the state appellate court concluded that to sustain a claim for intentional infliction of emotional distress, a plaintiff must plead outrageous conduct beyond the bounds of human decency. *Janken*, 46 Cal. App. 4th at 80. Personnel management activity, even if improperly motivated, is not enough to support a claim for IIED. *Id.* Other courts have held that managerial conduct that goes beyond normal personnel management decisions can give rise to IIED claims. *Corona v. Quad Graphics Printing Corp.*, 218 F. Supp. 3d 1068, 1074 (C.D. Cal. 2016) (finding that while termination alone is insufficient to constitute extreme and outrageous conduct, a court must determine whether severe emotional distress can be found where the conduct goes beyond an act of termination); *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013) (same); *Calero*, 271 F. Supp. 2d at 1178–79 (finding that conduct of an employee or one of its agents so outside the bounds of reasonable conduct can give rise to a claim for IIED).

Therefore, Plaintiff may state a claim for IIED against Defendant Nastek if he can allege that Defendant Nastek's conduct went "beyond the act of termination" or is "outside the bounds of conduct tolerated by a decent society." *See Onelum*, 948 F. Supp. 2d at 1053; *Calero*, 271 F. Supp. 2d at 1178. Here too, Defendants have not established that it would be futile to grant Plaintiff leave to amend his complaint to address his deficient IIED allegations. Thus, at this juncture, the court is likewise not persuaded by Defendants' argument that the conduct underpinning Plaintiff's IIED claim is merely personnel management such that Plaintiff could not allege a colorable IIED claim.

3. <u>Failure to State a Claim of IIED</u>

Lastly, Defendants argue that Plaintiff has not and cannot allege any facts to support the first requisite element of an IIED claim (extreme or outrageous conduct by Defendant Nastek), and Plaintiff cannot hold Defendant Nastek liable for IIED because he was not a "supervisor." (Doc. No. 8 at 14.)

As noted above, to state a claim for IIED under California law, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes*, 46 Cal. 4th at 1050 (citations and quotations omitted). For conduct to be "outrageous" it must be so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

The court agrees with Defendants that Plaintiff's complaint currently contains insufficient facts to allege that Defendant Nastek took any steps "so outside the bounds of conduct tolerated by a decent society" to give rise to an IIED claim. *See Onelum*, 948 F. Supp. 2d at 1054. Thus, as currently pled, Plaintiff's allegations likely fail to state a claim against Defendant Nastek.

As for Defendants' argument that Plaintiff cannot allege Defendant Nastek is a supervisor, the court notes that district courts in this circuit have held that "the definition of 'supervisor' under [] FEHA is not based upon the distinction between management and labor." *McKinzy v. Nat'l R.R. Passenger Corp.*, 836 F. Supp. 2d 1014, 1025 (N.D. Cal. 2011) (rejecting defendant employer's argument that defendant employee was not a supervisor because defendant employee was a "union member, not management"). FEHA defines "supervisor" as follows:

> "Supervisor" means any individual having the authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or the responsibility to direct them, or to adjust their grievances, or effectively to recommend that action, if, in connection with the foregoing, the exercise of that authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

Cal. Gov't Code § 12926 (2026). Courts must construe FEHA broadly to protect employees' rights to hold employment without discrimination. *Tijerina v. Alaska Airlines, Inc.*, No. 3:22-cv-00203-JLS-BGS, 2023 WL 4280794, at *15 (S.D. Cal. June 28, 2023) (citing to *Chapman v. Enos*, 116 Cal. App. 4th 920, 931 (2004)).

Here, Defendants have not shown that Plaintiff would be unable to amend his complaint to include additional facts which would support his contention that Defendant Nastek's conduct as a foreman met the definition of a "supervisor" under FEHA. Thus, as to both arguments advanced by Defendants, there remains the possibility that Plaintiff could cure the pleading deficiencies in

an amended complaint. Indeed, considering the liberal amendment standard enjoyed by litigants in California and federal courts alike, Defendants have not shown that Plaintiff would be unable to amend his complaint to cure the factual deficiencies in his IIED claim in the probable event that he is granted leave to amend. *See Howard v. Cnty. of San Diego*, 184 Cal. App. 4th 1422, 1428 (2010) (noting that the "policy favoring amendment is so strong that it is a rare case in which denial of leave to amend can be justified"). Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes*, 2020 WL 7224286, at *2 (citing *Padilla*, 697 F. Supp. 2d at 1159).

In sum, though Plaintiff's claim for IIED is deficiently pled in the operative complaint, it remains possible that Plaintiff could amend his complaint to allege facts sufficient to satisfy the requisite elements and to establish that his claim falls outside of WCA's exclusivity provisions. Given that remand must be granted unless Defendants can show that it is impossible for Plaintiff to prevail on "any cause of action it brought against the non-diverse defendant," the court will grant Plaintiff's motion to remand this case. *See Padilla*, 697 F. Supp. 2d at 1159.

**B. Attorneys' Fees**

Plaintiff requests an award of attorneys' fees he incurred as a result of removal. (Doc. No. 5 at 25–26.) District courts have the discretion to award attorneys' fees if the matter is remanded. 28 U.S.C. § 1447(c). A court should award attorneys' fees and costs under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal" unless "unusual circumstances" are present. *Schiff v. Liberty Mut. Fire Ins. Co.*, 784 F. App'x 490, 492 (9th Cir. 2019) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Because the law regarding WCA exclusivity is not particularly clear and the Plaintiff's IIED claim is insufficient as currently pled, the court finds that Defendants did not lack an objectively reasonable basis for removal. Though the court finds that Defendant Nastek is not a "sham defendant," Plaintiff's request for attorneys' fees will nevertheless be denied.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion to remand this case to the Solano County Superior Court (Doc.

No. 5) is GRANTED;

2. Defendants' motion to dismiss (Doc. No. 4) is DENIED as having been rendered moot by this order;

3. Defendants' request for judicial notice (Doc. No. 10) is DENIED without prejudice;

4. This matter is remanded to the Solano County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Dena Coggins
United States District Judge